UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID A. FOSTER, | No. CV 15-8416-BRO (PLA) |
|     Petitioner, | **ORDER DISMISSING ACTION** |
| v. | |
| JACK FOX, Warden, | |
|     Respondent. | |

**I.**

**BACKGROUND**

On October 28, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2241, and a request for a preliminary injunction, in which he asserted that the Bureau of Prisons ("BOP") had "miscalculated his jail time credits," and that if properly calculated, those credits would result in a November 1, 2015, release date. (Pet. at 1-3). On November 2, 2015, the Magistrate Judge issued an Order requiring a response from respondent to petitioner's request for a preliminary injunction. (Dkt. No. 3). On November 20, 2015, respondent filed a Motion to Dismiss the Petition, indicating that petitioner was

released from custody and that the action, therefore, was moot.[1]  (Dkt. No. 7).  On November 24, 2015, the Magistrate Judge issued an order to petitioner to show cause no later than December 8, 2015, why the action should not be dismissed with prejudice as moot.  (Dkt. No. 8).  Petitioner was warned that failure to respond to the December 8, 2015, Order to Show Cause "will result in dismissal of the action."  (Dkt. No. 8).  The Order to Show Cause was mailed to petitioner's address as indicated on respondent's certificate of service for the Motion to Dismiss, as well as to petitioner's address on record with the Court, the Federal Correctional Institution in Lompoc, California ("FCI Lompoc").  On December 7, 2015, the Order to Show Cause mailed to petitioner at FCI Lompoc was returned as "not deliverable as addressed[;] unable to forward."  (Dkt. No. 9).

As of the date of this Order, petitioner has not filed a response to the December 8, 2015, Order to Show Cause, and the time to do so has expired.  Neither has petitioner provided his current address to the Court.

## II.

## **DISCUSSION**

Petitioner's case should be dismissed as moot, as it appears that he is no longer in federal custody.  A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution."  Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L .Ed. 2d 43 (1998).  In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit through "all stages of federal judicial proceedings."  United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001).  If it appears that the Court is without power to grant the habeas relief requested by a petitioner, the case is moot.  See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).  As petitioner challenged the lawfulness of his detention, and he is now no longer in custody as indicated by respondent in the Motion to Dismiss and by the mail addressed to petitioner

---

[1]  Respondent noted that the BOP had granted petitioner prior custody credits resulting in a recalculation of petitioner's release date to November 1, 2015, and that as a result of that recalculation, the BOP released petitioner from custody on November 9, 2015.  (Mot. to Dismiss at 1).

at FCI Lompoc and returned to the Court as undeliverable, the Court is without power to grant the relief petitioner requested in the Petition -- i.e., "to have the BOP apply the 23 months that should not have never been disallowed toward petitioners [sic] sentence." (Pet. at 5). Thus, petitioner's case has been rendered moot. See, e.g., Riley v. I.N.S., 310 F.3d 1253, 1256-57 (10th Cir. 2002) (finding that a petitioner did not meet any of the exceptions to the mootness doctrine, and thus that his release from detention under an order of supervision mooted his challenge to the legality of his extended duration); see also Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.") (citation omitted).

Additionally, petitioner's failure to inform the Court of his current address in and of itself warrants dismissal. Local Rule 41-6 states:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

On December 7, 2015, the Order to Show Cause sent by the Court to petitioner at his address of record was returned as undeliverable. Petitioner has not apprised the Court of a new address, and in fact has not had any contact with the Court since October 28, 2015, when he filed the instant Petition. Accordingly, petitioner's case is also subject to dismissal for failure to comply with Local Rule 41-6.

In light of the foregoing, **IT IS ORDERED** that the Petition is **denied**, and that this action is **dismissed with prejudice**.

DATED: January 11, 2016

_____
HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE